**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO:**

ANDREW SIMON

    Plaintiff,

v.

BLUE LAGOON PAYROLL, LLC,
a Florida limited liability company; and
DRIFTWOOD HOSPITALITY MANAGEMENT,
LLC, a Florida limited liability company

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANDREW SIMON ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendants, BLUE LAGOON PAYROLL, LLC, ("BLUE LAGOON"), and DRIFTWOOD HOSPITALITY MANAGEMENT, LLC, ("DRIFTWOOD"), (collectively referred to hereinafter as "Defendants"), and alleges as follows:

### INTRODUCTION

1. Defendants have unlawfully deprived Plaintiff of federal overtime compensation during the course of his employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all overtime wages owed to Plaintiff during the course of his employment with Defendants.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of the Southern District of Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, BLUE LAGOON, was a Florida limited liability company transacting business within Palm Beach, Florida, within the jurisdiction of this Honorable Court. BLUE LAGOON's principal address is 11770 N. US Highway 1, Suite 202, N. Palm Beach, FL 33408.

4. During all times material hereto, Defendant, DRIFTWOOD, was a Florida limited liability company transacting business within Palm Beach, Florida, within the jurisdiction of this Honorable Court. DRIFTWOOD's principal address is 11770 N. US Highway 1, Suite 202, N. Palm Beach, FL 33408.

5. During all times material hereto, Defendant, BLUE LAGOON, was vested with authority to hire, fire and reprimand Plaintiff, and to oversee and implement the pay practices that applied to Plaintiff.

6. During all times material hereto, Defendant, DRIFTWOOD, was vested with authority to hire, fire and reprimand Plaintiff, and to oversee and implement the pay practices that applied to Plaintiff.

7. Defendant, BLUE LAGOON was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

8. Defendant, DRIFTWOOD, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations.

## JURISDICTION AND VENUE

9. The acts or omissions giving rise to this lawsuit took place within the jurisdiction of this Honorable Court.

10. Defendants, BLUE LAGOON and DRIFTWOOD are headquartered and regularly transacts business at 11770 N. US Highway 1, Suite 202, N. Palm Beach, FL 33408, and

jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

11. Venue is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

12. Defendant, DRIFTWOOD, provides solutions-based services for the domestic and international hotel industry. *See* https://driftwoodhospitality.com/about-driftwood/ (last visited November 23, 2020). Defendant, DRIFTWOOD has offices in Florida, Costa Rica and Arizona. *See Id.*

13. Defendant, BLUE LAGOON, is a payroll company owned and operated by the same owners and operators of Defendant, DRIFTWOOD, and has the same principal location in Palm Beach, Florida.

14. Defendant, BLUE LAGOON, provides payroll services for Defendant, DRIFTWOOD.

15. Defendant, DRIFTWOOD, oversaw Plaintiff on a daily basis.

16. Defendant, BLUE LAGOON, created the payroll policies in conjunction with Defendant, DRIFTWOOD, which led to the overtime violations alleged herein.

17. Plaintiff began working for Defendants as a handyman on or around May 5, 2020. Defendants paid Plaintiff $16.50 per hour. Plaintiff's duties and responsibilities consisted primarily of manual labor.

18. On around June 1, 2020, Defendants changed Plaintiff's compensation structure from an hourly basis to salary basis. Plaintiff's job duties, however, did not change when Defendants began paying him a salary, and he therefore remained a non-exempt employee under the FLSA.

19. Plaintiff lacked the authority to hire, fire, or reprimand any employees during his employment with Defendants.

20. Plaintiff did not supervise any employees during his employment with Defendants.

21. Plaintiff's primary duty during his employment with Defendants was to perform maintenance and other manual labor for Defendants at their hotels in South Florida.

## FLSA COVERAGE

22. Defendant, DRIFTWOOD, is covered under the FLSA through enterprise coverage, as DRIFTWOOD was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, DRIFTWOOD was engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, DRIFTWOOD's business and Plaintiff's work for DRIFTWOOD affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

23. During his employment with Defendant, DRIFTWOOD, Plaintiff handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to: telephones, pens, notepads, computers, cellular telephones, office related items, power tools, drills, flashlights, light bulbs, electrical wires, adhesives, sealants, tape, tape measures, batteries, marking tools, WD-40, hammers, wrenches, screws, nails, compact drivers, etc.

24. Defendant, DRIFTWOOD, also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as those goods and materials

handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, DRIFTWOOD's business an enterprise covered by the FLSA.

25. Defendant, DRIFTWOOD, grossed or did business in excess of $500,000.00 per year in the years 2017, 2018, 2019 and is expected to gross in excess of $500,000.00 in 2020.

26. Defendant, BLUE LAGOON, is covered under the FLSA through enterprise coverage, as BLUE LAGOON was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, BLUE LAGOON was also engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, BLUE LAGOON's business and Plaintiff's work for BLUE LAGOON affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

27. During his employment with Defendant, BLUE LAGOON, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: telephones, pens, pencils, permanent markers, tape, paper notepads, computers, cellular telephones, order forms, nails, screws, hammers, key boards, and other office related items.

28. Defendant, BLUE LAGOON, also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as the goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, BLUE LAGOON's business an enterprise covered by the FLSA.

29. Upon information and belief, Defendant, BLUE LAGOON, grossed or did business in excess of $500,000.00 per year in the years 2017, 2018, 2019 and is expected to gross in excess of $500,000.00 in 2020.

## **FLSA VIOLATIONS**

30. During Plaintiff's employment, the Defendants, BLUE LAGOON and DRIFTWOOD, assigned Plaintiff to work multiple workweeks in which Defendants failed and refused to compensate Plaintiff in accordance with the overtime provisions under federal law.

31. Defendants regularly assigned Plaintiff's schedule, controlled the scope of work Plaintiff needed to perform, specifically instructed Plaintiff what to do on a regular and recurrent basis, and specifically instructed Plaintiff when he had to arrive at work and when he could leave work.

32. Defendants were also collectively responsible for creating and implementing the pay policy that is at issue in this case.

33. During Plaintiff's employment period, he often worked between sixty (60) and ninety (90) hours per week.

34. Defendants failed to compensate Plaintiff at the rate of time-and-a-half his regular hourly rate for work he performed in excess of forty (40) hours per week during one or more workweeks between June 2020 through November 12, 2020.

35. Defendants' actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for overtime wages owed.

36. During Plaintiff's employment, the Defendants failed to maintain adequate and contemporaneous time records as required by the FLSA.

37. Defendants were either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, *intentionally violated federal law* so that the Defendants could avoid having to pay Plaintiff his lawful (and hard-earned) wages.  Plaintiff is therefore entitled to liquidated damages under the FLSA.

38. As a result of the above violations of federal law, Plaintiff has had retain the undersigned counsel to prosecute these claims and is therefore entitled to an award of reasonable attorney's fees and costs under the FLSA.

### **COUNT I – FEDERAL OVERTIME LAW VIOLATIONS – *29 U.S.C. § 207***
**(against All Defendants)**

39. Plaintiff re-avers and re-alleges Paragraphs 1 through 38 above, as though fully set forth herein.

40. During one or more workweeks during the relevant time period, Plaintiff performed work for Defendants that exceeded forty (40) hours in a workweek and Plaintiff did not receive the proper overtime premium for those hours.

41. Plaintiff worked approximately sixty (60) to ninety (90) hours per week during his employment period with Defendants.

42. Defendants' failure to comply with the federal overtime provisions of the FLSA was intentional and/or willful.

43. To date, Defendants have not properly paid Plaintiff all of his overtime as required by the FLSA.

44. As a result of Defendants' refusal to remedy their violations of the FLSA, Plaintiff is entitled to recover unliquidated damages, liquidated damages, court costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, ANDREW SIMON, demands judgment against Defendants, BLUE LAGOON PAYROLL, LLC, and DRIFTWOOD HOSPITALITY MANAGEMENT, LLC, and respectfully requests that he be awarded the following relief: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorneys' fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ANDREW SIMON, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 25th day of November 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 25th day of November, 2020.

> By: */s/ Jordan Richards*
> JORDAN RICHARDS, ESQUIRE
> Florida Bar No. 108372

## **SERVICE LIST:**